OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by denying respondent Midland’s motion; the order should otherwise be affirmed and the certified question answered in the negative.
Crucial to the determination of this case is whether the $220,000 settlement was intended to include the claim for Blanche Mitchell’s medical expenses. Though Allstate’s New Jersey personal injury protection (no-fault) lien under section 39:6A-9 of the New Jersey Motor Vehicles and Traffic Law appears never to have been mentioned in the course of the discussions preceding the agreement to settle, on the entire record before us we agree with the Appellate Division that issues of fact remain.
It is not disputed that, in advance of the settlement, Midland, the primary liability carrier for the defendants in Mitchell’s negligence action, though served with a notice of lien for the medical expenses paid by Allstate, advised neither Mitchell, her attorneys nor St. Paul (the tort-feasors’ excess carrier) of its receipt. St. Paul, who, along with Midland, has been joined in the New Jersey arbitration proceeding in which *941 Allstate is pursuing its subrogation rights (see Cirilli v Ohio Cas. Ins. Co., 72 NJ 380), is exposed thereby to a claim which may exceed $30,000, the sum Midland withheld from Mitchell. That sum was intended as an approximation of the amount of the lien, but in fact very well may reach or exceed $38,032.62, the amount of the expenditures itemized by Mitchell in her negligence action’s bill of particulars. In these circumstances, at this juncture it would be inappropriate to discharge Midland from liability either in whole or in part in the light of the plaintiffs’ assertions in their complaint against Midland, St. Paul’s cross claim against Midland and St. Paul’s counterclaim against the plaintiffs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed. Question certified answered in the negative.